CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATALIE R. WOODYARD and KAREEN V. GRIGGS, | Civil Action No. 7:07CV00540 |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | By: Hon. Glen E. Conrad<br>United States District Judge |
| GAL-TEX HOTEL CORPORATION, et al., Defendants. | |

The plaintiffs, Natalie R. Woodyard and Kareen V. Griggs, filed this action against Gal-Tex Hotel Corporation ("Gal-Tex"), 1859 Historic Hotels, Limited ("1859"), Marco Aldrete, and the Mary Moody Northern Endowment, raising claims of sexual harassment and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and assault and battery under state law. Gal-Tex and 1859 have moved to dismiss Griggs' Title VII claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to exhaust administrative remedies. For the reasons that follow, the court will grant the motion to dismiss.[1]

### Background

This action arises from events that allegedly occurred at Mountain Lake Hotel in Pembroke, Virginia. Woodyard and Griggs previously worked at the hotel, as did the individual defendant, Marco Aldrete, who acted as the plaintiffs' supervisor. The plaintiffs allege that

---

[1] The court notes that Gal-Tex has also moved for summary judgment as to all of the claims, arguing that it was not the employer of the plaintiffs or Aldrete. In response to the motion for summary judgment, the plaintiffs have requested the opportunity to conduct discovery on this issue. Gal-Tex has advised the court that it does not oppose the plaintiffs' request. Accordingly, Gal-Tex's motion for summary judgment will be held in abeyance pending discovery.

Aldrete sexually harassed them on several occasions by making inappropriate sexual comments and by engaging in unwelcome physical contact.

The plaintiffs allege that Woodyard filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), that the EEOC issued a notice of right to sue on August 24, 2007, and that this action was filed within 90 days of Woodyard's receipt of the notice. The plaintiffs concede that Griggs did not file a charge of discrimination with the EEOC. The plaintiffs emphasize, however, that Griggs was identified as a victim of Aldrete's harassment, that the EEOC investigated both plaintiffs' allegations of harassment, and that the EEOC issued a determination finding that Woodyard "and a co-worker were sexually harassed and that the Charging Party [Woodyard] was discharged based on her sex . . . ." (Compl. at 2; see also Compl. Ex. 1).

Gal-Tex and 1859 have now moved to dismiss Griggs' Title VII claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to exhaust administrative remedies. The court held a hearing on the motion on June 16, 2008. The motion is now ripe for review.

## Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a complaint pursuant to this rule, the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244.

2

## Discussion

It is well-established that before a plaintiff can bring an action under Title VII, the plaintiff must first file a charge of discrimination with the EEOC within a certain time period.[2] Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (citing 42 U.S.C. § 2000e-5(e)(1)). The charge must be "in writing under oath or affirmation," 42 U.S.C § 2000e-5(b), and "is acceptable only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of,'" Chacko, 429 F.3d at 508 (quoting 29 C.F.R. § 1601.12(b)). A plaintiff's failure to file a charge of discrimination with the EEOC "precludes relief under Title VII." Venkatraman v. REI Sys., 417 F.3d 418, 421-422 (4th Cir. 2005); see also Chacko, 429 F.3d at 509 ("An individual cannot bring suit until he has exhausted the administrative process.").

The filing of a charge of discrimination with the EEOC "is not simply a formality to be rushed through so that an individual can quickly file [her] subsequent lawsuit." Chacko, 429 F.3d at 510. Instead, Congress intended for this administrative exhaustion requirement to serve two primary purposes -- notice and conciliation:

> First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning.
>
> Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved. Title VII, including the creation of the EEOC, reflects a congressional intent to use administrative conciliation as the

---

[2] In a "deferral state" like Virginia, the charge must be filed within 300 days of the alleged violation. Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002).

3

> primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes. The EEOC's role in Title VII is thus critical because it can promote voluntary settlement in a manner that a more adversarial process cannot.

Chacko, 429 F.3d at 510 (internal citations and quotation marks omitted); see also King v. McMillan, 233 Fed. Appx. 242, 244 (4th Cir. 2007) ("The requirement to file a charge with the EEOC serves two purposes: First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law.") (internal citation and quotation marks omitted)).

Based on the plaintiffs' admission that Griggs did not file a charge of discrimination with the EEOC, Gal-Tex and 1859 have moved to dismiss Griggs' Title VII claims. In response to the motion, the plaintiffs make three arguments. First, the plaintiffs argue that the motion to dismiss is premature, and that the issue of whether Griggs properly exhausted her administrative remedies cannot be decided without the benefit of discovery. Second, the plaintiffs argue that Griggs reasonably concluded that she had fulfilled all of the prerequisites for filing a Title VII action, and that she should not be punished to the extent that the EEOC failed to file a charge of discrimination for her. Finally, the plaintiffs argue that even if Griggs did not exhaust her administrative remedies, the court should apply the single-filing rule and permit Griggs' Title VII claims to proceed. For the following reasons, the court finds each of the plaintiffs' arguments unpersuasive.

Notwithstanding the plaintiffs' admission that Griggs did not file a charge of discrimination with the EEOC, the plaintiffs first argue that discovery is necessary to determine

"whether Griggs sufficiently acted to exhaust her administrative requirements." (Pls.' Resp. at 5). To support this argument, the plaintiffs rely on the United States Supreme Court's recent decision in Fed. Exp. Corp. v. Holowecki, 128 S. Ct. 1147 (2008), a case arising under the Age Discrimination in Employment Act ("ADEA"). In Holowecki, the Supreme Court addressed the issue of what constitutes a charge of discrimination for purposes of the ADEA, and whether the respondent's written filings satisfied the ADEA's charge requirement.[3] Holowecki, 128 S. Ct. at 1153. Emphasizing that the ADEA does not define the term "charge," and that the applicable regulations "fall short of a comprehensive definition," Id. at 1154, the Court ultimately adopted the EEOC's position on the issue and held as follows:

> In addition to the information required by the regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

Id. at 1157-1158. Applying this standard, the Court further held that the respondent's filings -- a completed intake form containing all of the information outlined in 29 C.F.R. § 1626.8[4] and a

---

[3] The court notes that, in Holowecki, the Supreme Court was careful to emphasize, as a "cautionary preface," that "the EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respect from those pertaining to other statutes the EEOC enforces, such as Title VII," and that "[w]hile there may be areas of common definition, employees and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." Holowecki, 128 S. Ct. at 1152.

[4] This regulation lists five pieces of information that a "charge should contain": (1) the name, address, and telephone number of the person making the charge; (2) the name, address, and telephone number of the person against whom the charge is made; (3) a statement of the facts regarding the alleged unlawful employment practices; (4) the approximate number of employees of the employer, if known; and (5) a statement disclosing whether proceedings involving the alleged unlawful employment practices have been commenced before a state agency charged with enforcing fair employment law practices, and if so, the name of the agency and the date of such commencement. 29 C.F.R. § 1626.8.

5

six-page affidavit -- were sufficient to constitute a charge of discrimination for purposes of the ADEA. Id. at 1159-1160.

Quoting a portion of the foregoing passage from Holowecki, the plaintiffs argue that discovery is necessary to determine whether Griggs' involvement in the EEOC investigation that arose from Woodyard's charge of discrimination "can 'reasonably be construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'" (Pls.' Resp. at 6) (quoting Holowecki, 128 S. Ct. at 1158). The plaintiffs' argument, however, misses the mark. As previously discussed, Title VII requires the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit, and there is nothing in the Holowecki opinion that would support the notion that this statutory requirement may be excused or otherwise satisfied by some other type of action by an aggrieved employee. Given the plaintiffs' own admission that Griggs did not file a written charge of discrimination with the EEOC, the court concludes that no further discovery is necessary with respect to this issue.[5] See Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001) (holding that the plaintiff's verbal complaints to an EEO counselor were insufficient to comply with Title VII's administrative claim requirements); Bartlett v. Fruehauf Corp., 642 F. Supp. 954, 956 (W.D. N.C. 1986) (holding that a plaintiff's oral discussion during a visit to the EEOC did not qualify as "filing" a charge for purposes of the ADEA).

The plaintiffs next contend that Griggs reasonably believed that she had taken all of the steps necessary to exhaust her administrative remedies, given her involvement in the EEOC

---

[5] The court notes that during the hearing on defendants' motions, plaintiffs' counsel again conceded that while Griggs was involved in the EEOC investigation that arose from Woodyard's charge of discrimination, Griggs did not file a written charge, statement, or questionnaire with the EEOC.

6

investigation, and that the court "should not punish Griggs to the extent that the EEOC failed to follow its own regulatory mandate to prepare and file a charge for her or on her behalf as required by 29 C.F.R. § 1601.6(a)."[6] (Pls.' Resp. at 7-8). While this argument may lend support to the application of certain equitable principles <u>after</u> Griggs exhausts her administrative remedies, such as equitable tolling,[7] it does not excuse her failure to comply with the administrative charge requirement altogether. As the United States Court of Appeals for the Eleventh Circuit explained in <u>Grier v. Secretary of the Army</u>, 799 F.2d 721 (11th Cir. 1986), "equitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all." <u>Grier</u>, 799 F.2d at 724; <u>see also</u> <u>O'Rourke v. Continental Cas. Co.</u>, 983 F.2d 94, 97 (7th Cir. 1993) ("Equitable tolling enlarges the time within which to proceed but does not justify omitting steps such as the administrative charge that Congress has made essential."); <u>Sommatino</u>, 255 F.3d at 710 ("Equitable estoppel and equitable tolling can extend the deadline for filing when equity so requires. However, equitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made.") (internal citations omitted)).

---

[6] Section 1601.6(a) provides that the EEOC "shall receive information concerning alleged violations of title VII or the ADA from any person," and that the appropriate officer "shall render assistance in the filing of a charge" if "the information discloses that a person is entitled to file a charge with the Commission." 29 C.F.R. § 1601.6(a).

[7] The time limit for filing an EEOC charge is subject to equitable tolling. <u>See</u> <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982). A plaintiff is entitled to equitable tolling if she presents (1) extraordinary circumstances, (2) beyond her control or external to her own conduct, (3) that prevented her from filing on time. <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003).

Case 7:07-cv-00540-GEC  Document 54  Filed 07/22/08  Page 7 of 10  Pageid#: 194

In their final argument, the plaintiffs contend that even if Griggs did not exhaust her administrative remedies, the court should apply the single-filing rule and permit Griggs' Title VII claims to proceed. The single-filing rule is a judge-made exception to the administrative exhaustion requirement. See Horton v. Jackson County Bd. of County Comm'rs, 343 F.3d 897, 899 (7th Cir. 2003). Originally applied to class actions, Id. at 900, the rule "allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement, provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature." White v. BFI Waste Services, LLC, 375 F.2d 288, 293 (4th Cir. 2004). The rule is based on "the understanding that '[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC.'" King v. McMillan, 233 Fed. Appx. 242, 244 (4th Cir. May 4, 2007) (quoting Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 498 (5th Cir. 1968)).

The United States Court of Appeals for the Fourth Circuit has "long applied" the single filing rule to class actions, King, 233 Fed. Appx. at 244, and its application in that context is indeed valid. "Requiring that every class member file a separate charge might drown agency and employer alike by touching off a multitude of fruitless negotiations." Horton, 343 F.3d at 900. In a case such as this, however, where there is not only no class action but only two complainants, "the rationale of the doctrine is attenuated to the point of nonexistence." Id. For this reason, the Fourth Circuit has expressly declined to apply the single-filing rule in a case involving so few complainants. In affirming the denial of a motion to intervene in King v.

8

McMillan, the Court emphasized that "[r]equiring a lone intervenor to file a timely charge does not impose a substantial burden on either the EEOC or the employer." King, 233 Fed. Appx. at 245. Moreover, "requiring both the original plaintiff and a later intervenor to file their own charges is consonant with 'the statutory goal of maximum possible reliance upon voluntary conciliation and administrative resolution of claims.'" Id. (quoting EEOC v. Associated Dry Goods Corp., 449 U.S. 590, 602 (1981)).

For the reasons stated in King and Horton, supra, the court agrees with Gal-Tex and 1859 that it is not appropriate to apply the single-filing rule in a non-class action case such as this, where there are only two complainants. Requiring a sole co-complainant to file a separate charge of discrimination with the EEOC does not impose a substantial burden on any party, and instead furthers the primary purposes of this statutory prerequisite. Because it is undisputed that Griggs has not filed a charge of discrimination with the EEOC, and because the court declines to apply the single-filing rule in this particular setting, Griggs' Title VII claims must be dismissed.

## Conclusion

For the reasons stated, the court will grant the motion to dismiss filed by Gal-Tex and 1859, and dismiss Griggs' Title VII claims without prejudice. Griggs is advised that if she wishes to proceed with her Title VII claims, she must first file a charge of discrimination with the EEOC.[8]

---

[8] The court expresses no opinion as to whether Griggs would ultimately succeed in establishing that the 300-day time limit for filing a charge of discrimination should be equitably tolled in her case, or that other equitable doctrines should apply.

9

The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This 22d day of July, 2008.

/s/ Glen E. Conrad
United States District Judge